**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LAMAR PASSMORE,<br>Plaintiff, | Civil Action No. 1:18-cv-481<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| U.S. DEPARTMENT OF,<br>HOMELAND SECURITY, et al.,<br>Defendants. | **ORDER AND REPORT**<br>**AND RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, filed a complaint captioned "Redress for Hudud & Qisas" in state court on June 21, 2018. (Doc. 1-3). Plaintiff named four defendants: United States Department of Homeland Security, the Central Intelligence Agency, the National Security Agency, and "F.B.I. Headquarters." (*Id.*). The complaint includes eight counts and requests $40 billion plus 10% annual interest from each agency.

Defendants removed the action to this Court on July 17, 2018. (Doc. 1). Plaintiff filed a motion to compel (Doc. 5) and a motion to remand the action to state court (Doc. 6) on August 6, 2018, and defendants filed memoranda in opposition to the motions (Docs. 7, 8). The United States subsequently moved to dismiss all claims for lack of subject matter jurisdiction and failure to state a claim for relief (Doc. 9), and plaintiff filed an opposing memorandum (Doc. 11). Defendants allege that this Court does not have subject matter jurisdiction over plaintiff's complaint because they are federal agencies who have not waived their sovereign immunity from suit. They further contend that the complaint does not state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6).

Plaintiff's motion to remand the case to state court (Doc. 6) should be denied. Defendants removed the lawsuit from state court under 28 U.S.C. § 1442(a)(1), which provides

that a civil action commenced in a state court that is against the United States or any agency of the United States "for or relating to any act under color of such office" may be removed by the United States or the agency to district court. Defendants were entitled to remove the lawsuit under the authority of this statute. Plaintiff has not shown that the removal was improper and has not articulated a valid basis for remanding the case.

Further, dismissal of the lawsuit, rather than a remand to state court, is warranted under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Subject matter jurisdiction is lacking in a lawsuit against the United States, or an agency of the United States, unless the government consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also CareToLive v. von Eschenbach*, 525 F. Supp.2d 938, 950 (S.D. Ohio 2007), *aff'd sub nom. CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008) (the United States may not be sued without its consent, and consent is a prerequisite to jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212). "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell*, 463 U.S. at 239; *Reed*, 146 F.3d at 398).

The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). If the plaintiff cannot identify a waiver, his claim must be dismissed for

2

lack of jurisdiction. *Id.* (citing *Reetz*, 224 F.3d at 795). *See also Wojton v. U.S.*, 199 F. Supp.2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

Plaintiff has not carried his burden to identify a waiver of sovereign immunity. Nor do the allegations of the complaint provide any factual content or context from which the Court may reasonably infer that defendants waived their sovereign immunity with respect to the matters at issue in this case. The complaint does not include allegations that show any defendant agency violated plaintiff's constitutional or other rights. There are no factual allegations in the complaint that attribute an act or omission to the defendant agencies. The complaint makes only generalized, vague assertions related to various constitutional rights and Ohio wiretap law. For instance, Count One states in full:

> Freedom of Religion, Press & Expression was prohibited. I couldn't assemble peacefully in my places of worship without informants and provocateurs causing discord, dissension and corruption. I was defamed to the press and amongst the non press. I was prevented from fully expressing my freedom of speech on many social media platforms.

(Doc. 3 at 1). These allegations are not sufficient to show that the defendant agencies waived their sovereign immunity from suit with respect to the claims at issue. The complaint should therefore be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for remand (Doc. 6) be **DENIED**.

2. Defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) be **GRANTED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to

proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to compel (Doc. 5) is **DENIED** as moot.

Date: 11/15/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMAR PASSMORE,
Plaintiff

Civil Action No. 1:18-cv-481
Barrett, J.
Litkovitz, M.J.

vs

U.S. DEPARTMENT OF,
HOMELAND SECURITY, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).