UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lamar Passmore,

    Petitioner,

v.

U.S. Dept. of Homeland Security, et al.,

    Respondents.

Case No.: 1:18-cv-481

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's November 15, 2018 Report and Recommendation ("R&R"). (Doc. 13). The R&R recommended that: Petitioner's Motion for Remand (Doc. 6) be denied; Respondents' Motion to Dismiss the complaint under Fed. R. Civ. P. 12(b)(1) (Doc. 9) be granted; and that the Court deny Petitioner leave to appeal this Order *in forma pauperis*. (Doc. 13 at PageID 56).

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

For the reasons stated below, the Court **OVERRULES** Plaintiff's objections and the Magistrate Judge's November 15, 2018 R&R is **ADOPTED** in its entirety.

**I.    Background**

Petitioner filed a complaint in state court on June 21, 2018, including eight counts and requesting $40 billion plus 10% interest per annum from each agency. (Doc. 1-3). Respondants' removed this action to federal court on July 17, 2018 pursuant to 28 U.S.C. § 1442 (Doc. 1), and filed a Motion for Extension to Reply on July 26, 2018. (Doc. 3).

Petitioner subsequently filed a Motion to Compel (Doc. 5) and a Motion for Remand (Doc. 6); Respondents' filed memoranda in opposition to both motions. (Docs. 7, 8). Respondents' then filed a Motion to Dismiss, asserting lack of subject matter jurisdiction and failure to state a claim (Doc. 9), to which Petitioner filed a motion in opposition. (Doc. 11).

In response to the R&R, Petitioner filed several documents: three memorandum in objection to the R&R (Docs. 14-16), two motions for relief (Docs. 19-20),[1] four "evidence filings" (Docs. 21, 24-28, 30),[2] a response in opposition to Respondents' Motion to Dismiss (Doc. 23), and a Motion for Summary Judgment (Doc. 29).[3] Respondents' filed a memorandum in opposition to Petitioner's objections. (Doc. 22).

## II. Analysis

### a. Standard of Review

Determinations by a magistrate judge under Section 636(b)(1)(A) are subject to review by the district court. When proper objections to a report and recommendation are received, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C.

---

[1] Upon review these documents appear to be largely identical, aside from the latter having a paragraph concerning "civil litigation," and merely filed on two separate days.

[2] The first evidence filing consists of approximately 175 pages (Doc. 21); the second contains a scanned copy of an envelop Petitioner alleges was "opened prior to its destination" (Doc. 24); the third appears to contain the same citations to the Ohio Revised Code as those found in Document 14 (Doc. 25); the fourth is Cincinnati Police Department Incident Report dated February 13, 2019 (Doc. 26); the fifth is medical releases and billings (Doc. 27); the sixth filing is medical documents (Doc. 28). The seventh evidence filing appears to be incorrectly filed in this case. The caption is *Passmore v. The Federal Reserve Banking System*, which is a separate case brought by Plaintiff in this Court. *See* Case No. 1:19cv74.

[3] Based on the arguments set forth by Plaintiff in his Motion for Summary Judgment, the Court construes this Motion as objections to the R&R.

§ 636(b)(1). However, a *pro se* party's pleadings must be construed liberally and are held to less stringent standards than formal pleadings drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

b. Petitioner's Motion for Remand

The Magistrate Judge correctly denied Petitioner's motion to remand. A civil action against "[t]he United States or any agency thereof . . . for or relating to any act under color of such office" may be removed by the United States or the agency to the federal court. 28 U.S.C. § 1442(a)(1). As the Magistrate Judge noted, Respondents' were entitled to remove the lawsuit under this statute (Doc. 13 at PageID 55). Petitioner argues that the Respondents' and their agents "were utilized in Ohio," removal in the first instance was "improvident," and that the Court lacks subject matter jurisdiction. (See Doc. 6). These arguments, even when liberally construed, fail to articulate a valid basis for remanding the case; therefore, the Respondents' removal of the case to federal court was proper.

c. Respondents' Motion to Dismiss for lack of subject matter jurisdiction

For subject matter to be established in a lawsuit against the United states, or an agency thereof, the government must consent to suit. *See, e.g., United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims *against federal agencies or officials* in their official capacities") (emphasis added). The government must explicitly waive sovereign

3

immunity in a clear, express, and unambiguous fashion. *Taylor v. Geither*, 703 F.3d 328, 333 (6th Cir. 2013); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *United States v. King*, 395 U.S. 1, 4 (waiver of sovereign immunity "cannot be implied but must be unequivocally expressed"). This explicit consent to suit is a prerequisite for jurisdiction. *CareToLive v. von Eschenbach*, 525 F. Supp.2d 938, 950 (S.D. Ohio 2007), *aff'd sub nom. CareToLive v. Eschenbachi,* 290 F. App'x 887 (6th Cir. 2008) (citing *Mitchell*, 463 U.S. at 212).

Plaintiff bears the burden of identifying a waiver of sovereign immunity; if Plaintiff fails to carry the burden, the suit will be dismissed for lack of jurisdiction. *CareToLive*, 525 F. Supp.2d at 950 (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)).

Plaintiff failed to carry his burden of identifying an express waiver of sovereign immunity. As the Magistrate Judge noted, Plaintiff's Complaint contains only "generalized, vague assertions related to various constitutional rights and Ohio wiretap law." (Doc. 13 at Page ID 56). No factual allegations are set forth to identify any act or omission on part of Defendants, or to provide any basis for jurisdiction. Count One states: "Right to a Speedy Trial, Confrontation of witness. I was not informed of the nature and cause of the accusation. When I requested to be informed I was not informed in a timely manner." (Doc. 1-3 at Page ID 8).

Likewise, Plaintiff's numerous objections to the R&R fail to identify a waiver of sovereign immunity. Plaintiff alleges that Defendants "are not sovereign in themselves" and that the United States waived its sovereign immunity when the United States enacted the federal reserve banking system. (Doc. 14 at Page ID 60). A waiver of sovereign immunity must be express, clear, and unambiguous, and Plaintiff has failed to identify

4

such a waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") Plaintiff's objections raise numerous other issues, but none of these are relevant for purposes of a sovereign immunity analysis.[4]

Therefore, the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### d. The Court denies Petitioner's leave to appeal *in forma pauperis*

Federal Rule of Civil Procedure 24(a)(3) allows a party who was permitted to proceed *in forma pauperis* in the district court to proceed on appeal *in forma pauperis* without further approval, unless the district court "certified that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." *See also DePriest v. Prestress Servs., Inc.*, 2014 WL1269933, at *1 (W.D. Tenn. 2014). The good faith standard is objective and considers whether the issue has sufficient merit rather than being merely frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court should deny Plaintiff leave to appeal *in forma pauperis*. Plaintiff's complaint alleges eight counts, all of which are lacking any factual support. Although Plaintiff's numerous objections to the R&R are quite extensive, such objections consist of incoherent, disjunctive ideas and matters unrelated to the alleged issues in the complaint. Leave to appeal *in forma pauperis* should be denied, but Plaintiff is still able to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5); *see Callihan v.*

---

[4] For example, Plaintiff alleges the following issues: trade secrets violations (Doc. 15), Defendants' motion for extension was a "blatant admittance of guilt by the defendant" (Doc. 15), perjury/false statements and disqualification of a judge (Doc. 16), and erroneous denial of Plaintiff's motion to compel (Doc. 19).

5

*Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

### III. Conclusion

Based on the foregoing, the Magistrate Judge's November 15, 2018 Report and Recommendation (Doc. 13) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion for Remand (Doc. 6) is **DENIED**;
2. Respondents' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) (Doc. 9) is **GRANTED**;
3. This matter be **CLOSED** and **TERMINATED** from the active docket of this Court; and
4. Pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith and Petitioner is therefore **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                 JUDGE MICHAEL R. BARRETT